AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| In re Application of IOV Labs Limited | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:22mc20206 |
| | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Mark Levin, individually

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Schedule A

| Place: Kobre & Kim LLP<br>201 S Biscayne Blvd, Suite 1900<br>Miami, FL 33131 | Date and Time:<br>02/16/2022 6:30 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/17/2022

*CLERK OF COURT*

OR

_____        /s/ Adriana Riviere-Badell
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* IOV Labs Limited
, who issues or requests this subpoena, are:
Adriana Riviere-Badell, adriana.riviere-badell@kobrekim.com, 305-967-6117

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:22mc20206

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                       *Server's signature*

                                       _____
                                       *Printed name and title*

                                       _____
                                       *Server's address*

Additional information regarding attempted service, etc.:

[Print]  [Save As...]  [Add Attachment]                              [Reset]

Case 1:22-mc-20206-RKA   Document 1-2   Entered on FLSD Docket 01/17/2022   Page 3 of 16

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| In re Application of IOV Labs Limited | ) |  |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:22mc20206 |
|  | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Mark Levin, individually

*(Name of person to whom this subpoena is directed)*

☒ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Kobre & Kim LLP<br>201 S Biscayne Blvd, Suite 1900<br>Miami, FL 33131 | Date and Time:<br>02/21/2022 9:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographic; audiovisual

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/17/2022

| CLERK OF COURT | OR | /s/ Adriana Riviere-Badell |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* IOV Labs Limited , who issues or requests this subpoena, are:
Adriana Riviere-Badell, adriana.riviere-badell@kobrekim.com, 305-967-6117

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:22mc20206

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

[Print]  [Save As...]  [Add Attachment]  [Reset]

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A:**

**Requests for Production of Documents**

## Definitions

1. All words, terms, and phrases not specifically defined in are to be given their normal and customary meaning in the context in which they are used herein.

1. **"You"** and **"Your"** refer to Mark Levin, along with any of his predecessors, successors, assigns, employees, agents, attorneys, and any and all persons acting on behalf of any of them, as well as to any individual or entity under his direction or control or from which he has the right or the practical ability to obtain information, records, or documents of any kind.

2. **"Communication(s)"** means any transmittal of information in the form of facts, ideas, inquiries, or otherwise. A document request for communications calls for production of correspondence, faxes, electronic mail, all attachments and enclosures thereto, computer tapes, discs, telephone tape recordings, text messages, recordings of any other type in any medium of written or oral communications (e.g., through social media accounts like Twitter, Facebook, or WhatsApp), phone logs, message logs, and notes and memoranda of, or referring or relating to, written or oral communications.

3. **"Concerning"** means directly or indirectly, in whole or in part, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying, or referring or relating to in any way.

4. **"Document(s)"** means all recorded words, information, communications, or data of any kind, however created, recorded, stored, or maintained, and includes, without limitation, all drafts; communications; correspondence; memoranda; records; reports; books; reports and/or summaries of conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; summaries, reports, and records of meetings or conferences; records and reports of consultants; press releases; stenographic, handwritten, or other

notes; checks, front and back; check vouchers, check stubs, or receipts; wire transfer requests, approvals, orders, and confirmations; tape data sheets or data processing cards or discs or any other written, printed, typewritten, or otherwise recorded matter, however produced or reproduced, whether or not now in existence; any paper or writing including files, contracts, correspondence, telegrams, agreements, letters, notes, manuals, forms, brochures, drawings, and other data or data compilation of any sort, stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form; Electronically Stored Information (as defined below); internal or external web sites; output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, instant messages, and all miscellaneous media on which they reside and regardless whether said electronic data exists in an active file, an archive file, a deleted file, or file fragment; activity listings of electronic mail receipts and transmittals; any and all items stored on computer memories, flash drives, hard disks, floppy disks, CD-ROM, DVD, magnetic tape, microfiche, or on any other media for digital data storage or transmittal such as, but not limited to, any mobile device or personal digital assistant; and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein. A draft or non-identical copy of any document, whether due to the addition of marginalia or other change, is a separate document within the meaning of this term. Where the electronic and hard copy versions of any document are separate documents per this definition, both the electronic and hard copy versions should be produced.

5. **"Electronically Stored Information" ("ESI")** includes without limitation:
    a. information that is generated, received, processed, and recorded by computers and other electronic devices, including without limitation voicemails;

3

    b. internal or external web sites;

    c. output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs, outlines, electronic mails, instant messenger programs, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, an archive file, a deleted file, or file fragment;

    d. activity listings of electronic mail receipts and transmittals; and

    e. any and all items stored on computer memories, flash drives, hard disks, floppy disks, CD-ROM, DVD, magnetic tape, microfiche, or on any other media for digital data storage or transmittal such as, but not limited to, smartphone or personal digital assistant (Palm Pilot, Blackberry, iPhone, iPad, or similar device).

6. **"Person"** includes both a natural person and a corporation, company, government or regulatory agency, or other entity of any kind.

7. **"IOV Labs"** means IOV Labs, RIF Labs Limited, and/or RSK Labs Ltd., along with any of its precedessors, successors, assignees, employees, agents, attorneys, and any and all persons acting on behalf of any of them, as well as to any individual or entity under their direction or control.

8. **"Megalodon Entities"** refers to each of the following entities, along with any of their predecessors, successors, assignees, employees, agents, attorneys, and any and all persons acting on behalf of any of them, and extends to any entities bearing a name of similar variation, as well as to any instances in which they are reflected as having any relation to the matters set forth in the "Documents Requests" section:

    a. Megalodon Capital Management B.V.;

    b. Megalodon DMCC; and

    c. Megalodon Services Limited.

## Instructions

9. This subpoena, issued pursuant to 28 U.S.C. § 1782(a) and Rule 45 of the Federal Rules of Civil Procedure, requires the production of all responsive Documents and Communications located anywhere in the world in Your possession, custody, or control, or available to You, Your employees, accountants, agents, attorneys, auditors, or other persons acting on Your behalf or under any direction or control of Your agents or representatives.

10. Each request shall be construed as being inclusive rather than exclusive. Thus, words importing the singular shall include the plural; words importing the plural shall include the singular; words importing one gender shall include both genders; the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive; the word "all" means "any and all" and the word "any" means "any and all".

11. All Documents and Communications produced pursuant to this subpoena are to be produced as they are kept in the usual course.

12. If a Document or Communication is redacted or not produced on the ground that it is privileged and therefore not subject to disclosure, the following information is to be supplied for each Document:

  a. the nature of the privilege being claimed;
  b. the type of Document;
  c. general subject matter of the Document;
  d. the date of the Document; and
  e. other such information as is sufficient to identify the Document including where appropriate, the author(s) of the Document, the addressee(s) of the Document, the identity of any Person who had an opportunity to review such Document and, where not apparent, the relationship of the author and the addressee to each other.

13. If any portion of any Document or Communication is responsive to any request in this subpoena, the entire Document or Communication is to be produced.

14. Each Document or Communication requested herein shall be produced in its entirety without deletion, redaction, or excisions, except as qualified by Instruction 12, regardless of whether You consider the entire Document relevant or responsive to this subpoena. If You have redacted any portion of the Document, stamp the word "REDACTED" beside the redacted information on each page of the Document which You have redacted. Any redactions to Documents produced should be identified on a privilege log in accordance with Instruction 12.

15. All Documents and Communications are to be produced in the form and in the same order within each file in which they existed prior to production, and the file folders, boxes, or other containers or bindings in which such Documents are found are to be produced intact, including the title, labels, or other descriptions of each such folder, box, or other binding container.

16. All Documents and Communications which cannot be legibly copied must be produced in their original forms.

17. Non-identical copies of Documents, drafts, or copies with annotations, and marks of marginalia shall be treated and produced as separate Documents.

18. All ESI responsive to this subpoena that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified or distributed, as well as the author(s) and recipient(s) of the Document.

19. If any of these requests cannot be responded to in full, You are to produce Documents and Communications to the extent possible, specifying the reason for Your inability to produce further Documents, and stating what knowledge, information, or belief You have concerning the unproduced portion.

20. Unless otherwise stated, the relevant time period for these requests is January 1, 2017, to the present.

**Document Requests**

**YOU ARE HEREBY COMMANDED** to produce at said time and place all Documents and Communications, as defined above, relating to the following subjects:

1. Documents and Communications sufficient to show Your contact information, including but not limited to Your current address of residence, phone number, and e-mail address.

2. Documents and Communications sufficient to show Your role, position, ownership, and/or other interest in the following entities, platforms, and/or projects:

   a. tZERO;
   b. Tynton Capital;
   c. Berkshire Hathaway HomeServices Gulf Properties;
   d. Gawah Holdings Inc.;
   e. ROI Land Investments Ltd. (or ROI Group); and
   f. Xange.Com.

3. Documents and Communications relating to or evidencing Your role, position, ownership, and interest in the Megalodon Entities, since the date of their incorporation, including,

7

but not limited to documents evidencing any changes to Your role and discussions associated with these changes.

4. Documents and Communications relating to or evidencing the identities of all direct or indirect beneficial owner(s) of the Megalodon Entities, including, but not limited to documents providing detailed contact information, such as residential or business addresses, phone numbers, and email addresses.

5. Documents and Communications relating to or evidencing the direct or indirect corporate structure and ownership of the Megalodon Entities, including, but not limited to documents providing the date and location of their incorporations, launch of liquidation procedures, and identity of any corporate affiliations.

6. Documents and Communications relating to any direct or indirect economic interest that You hold in the Megalodon Entities.

7. Documents and Communications relating to business transactions, negotiations, and proposals pursued by the Megalodon Entities with the following companies:

    a. tZERO;

    b. Tynton Capital;

    c. Berkshire Hathaway HomeServices Gulf Properties;

    d. Gawah Holdings Inc.;

    e. ROI Group; and

    f. Xange.Com.

8. Documents and Communications relating to or evidencing the nature of any purchase or sale initiated, conducted, or negotiated by You, of any cryptographic tokens, however described or denominated, that were issued by IOV Labs.

9. Documents and Communications relating to or evidencing the nature of any purchase or sale of any cryptographic tokens, however described or denominated, issued by IOV Labs and in which any of the following companies sold or purchased such tokens:

    a. the Megalodon Entities;

    b. CryptoArnie; and

    c. CMT.

10. Documents and Communications sufficient to show the wallet address(es) used to store any cryptographic tokens, however described or denominated, issued by IOV Labs and in which any of the following companies sold or purchased such tokens:

    a. the Megalodon Entities;

    b. CryptoArnie; and

    c. CMT.

11. All Communications between You and the following individuals relating to Your involvement in the Megalodon Entities:

    a. Esteban Van Goor;

    b. Peter Levchenko; and

    c. Kerem Turetgen.

12. All Communications between You and the following individuals relating to negotiations with, disputes with, or actual or contemplated legal claims against IOV Labs:

    a. Esteban Van Goor;

    b. Peter Levchenko; and

    c. Kerem Turetgen.

13. All versions of the Early Contribution Agreement(s) pursuant to which You purchased cryptographic tokens, however described or denominated, from IOV Labs.

14. All Documents and Communications in which You discuss or comment on any document responsive to Request 12.

15. All Documents and Communications relating to or evidencing Your understanding of the terms of the Early Contribution Agreement(s) pursuant to which You purchased cryptographic tokens, however described or denominated, from IOV Labs.

16. All Communications between You and any other person or entity that reference IOV Labs.

*Return by e-mail, with hard copy by mail, to:*

>Adriana Riviere-Badell
>adriana.riviere-badell@kobrekim.com
>
>David H. McGill
>david.mcgill@kobrekim.com
>
>Christopher S. Cogburn
>christopher.cogburn@kobrekim.com

*Post Office Address:*

>Kobre & Kim LLP
>201 S. Biscayne Blvd.
>Suite 1900
>Miami, FL 33131